T. H. GUNTER, *v.* JAMES L. HILL & T. H. DUNCAN.

**Bonds—Injunction to Prevent Recovery On.**

Before recovery of amounts due on a bond, can be had, it must be shown that payments made by the commissioner to the distributees of an estate, were advances by him personally, and not of a fund alleged to have been paid in full discharge of the bond.

APPEAL FROM HARDIN CIRCUIT COURT.

April 19, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

By a decree of May 20, 1858, in case of Honore Humphries et al v. Thomas H. Duncan, appellant as commissioner was

directed to sell certain lands on twelve months' time, which he did, July 12, 1858, and appellees became the purchasers at $450, and executed their bond therefor, and the next day the commissioner reported the sale to the court, and on the 17th of the following November, the commissioner was ordered to make a deed reserving a lien for unpaid purchase price, which he did the next day, July 13, 1859; on motion of Duncan and Hill the case was reinstated and they allowed credit of $3.55 for taxes due on the land.

July 9, 1859, Gunter receipted to Duncan for $238.50, one-half the principal and interest on said bond and credit it thereon.

July 9, 1869, Gunter took out execution on said bond and Duncan and Hill filed this suit alleging that said bond had been entirely paid and discharged to Gunter and he had failed to credit the payment made by Hill which was done about the time Duncan paid and that Gunter had paid over to the distributees the fund and taken their receipt in full which he was required to file, they charged him with fraudulently attempting to collect the money again for his own use.

He answered denying the payment, averring that the money was due him and denying all fraud, but he does not set up that he advanced the money by any agreement or request of Duncan or Hill. The court perpetually injoined the collection of the bond from which he prosecutes this appeal.

It appears in this case that he was a poor man though careful and clean in his transactions. He only listed a house and lot with $600— and $500 under the equalization laws for taxation and his means were quite limited. He said to one of the distributees he had collected their money and was ready to pay it over and did so. The facts preclude the idea that he would, without request or remuneration, as a commissioner, advance money due and directed by the court to be collect, and wait some seven or more years without taking out execution, beside, no effort is made to prove that he was advancing this money for or at the request of Duncan or Hill.

We think the chancellor correctly granted a perpetual injunction.

Wherefore the judgment is *affirmed.*

*Cofer,* for appellant.
*Wilson & Montgomery,* for appellees.